UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04644-SVW-AFM | Date | 8/13/2020 |
|---|---|---|---|
| Title | *Anifa Danelian v. FCA US LLC* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [12]

## I. Introduction

Plaintiff Anifa Danelian ("Plaintiff") filed this motion to remand this lawsuit to California state court on June 26, 2020. Dkt. 12. For the reasons articulated below, the Court GRANTS Plaintiff's motion.

## II. Factual and Procedural Background

Plaintiff initially filed this action in Los Angeles County Superior Court on December 16, 2019. Dkt. 1-1, Ex. D. Plaintiff's Complaint alleges violations of California's Song-Beverly Act, Cal. Civ. Code § 1790 *et seq.*, on the basis that the new Fiat 500 automobile ("the Vehicle") Plaintiff purchased on July 27, 2018 had serious defects that FCA failed to repair after a "reasonable number of repair attempts." *Id.* at 4. On May 22, 2020, Defendant FCA US LLC ("FCA") removed the lawsuit to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1] Dkt. 1. FCA alleged in its Notice of Removal that the parties were completely diverse, and that the amount in controversy ("AIC") exceeds $75,000. *Id.* at 3. In support of this assertion FCA asserted that the purchase price of the Vehicle

---

[1] FCA's Notice of Removal also cites to 28 U.S.C. § 1331 and references "federal question jurisdiction" on the first page of the notice. Dkt. 1 at 1. Because the Court can find no trace of a federal question in Plaintiff's Complaint or FCA's briefing, the Court will not address this assertion.

| | : |
|---|---|
| | Initials of Preparer |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04644-SVW-AFM | Date | 8/13/2020 |
|---|---|---|---|
| Title | *Anifa Danelian v. FCA US LLC* | | |

was $28,447.52, that the potential civil penalty sought by Plaintiff could be two times his actual damages, or $56,895.04, that attorney's fees are recoverable under the Song-Beverly Act and could reasonably equal $35,000 in this action, and that this total substantially exceeds the AIC requirement of $75,000.01 for federal diversity jurisdiction. *Id.* at 4-5.

Plaintiff filed this motion to remand on June 26, 2020. Dkt. 12. FCA opposes the motion. Dkt. 14.

### III. Legal Standard

Defendants may generally remove any case filed in state court over which the federal district courts have original jurisdiction. *See* 28 U.S.C. § 1441(a). To remove a case, the defendant must file a notice of removal in federal court. *Id.* § 1446(a). The notice of removal must be filed either (1) within thirty days after the defendant receives the initial pleading *or* (2) "if the case stated by the initial pleading is not removable," within thirty days after the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(2)(A)–(3); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692–93 (9th Cir. 2005).

The thirty-day clock begins running when the defendant is served with the initial complaint when "the case stated by the initial pleading is removable on its face." *Harris*, 425 F.3d at 694. If the case as stated by the initial complaint is not removable on its face, the thirty-day clock does not begin to run until the defendant receives "an amended pleading, motion, order or other paper" from which it may first be ascertained that the case is removable. 28 U.S.C. § 1446(b)(3); *Harris*, 425 F.3d at 697 ("Once defendant is on notice of removability, the thirty-day period begins to run.")

### IV. Analysis

Plaintiff asserts that on March 19, 2020 he provided "informal discovery" that included the retail installment sales contract ("RISC") for the subject Vehicle to FCA's counsel. Dkt. 12 at 5-6. Because FCA did not remove this case until May 22, 2020 (more than two months after Plaintiff provided that information to FCA) Plaintiff argues that FCA's removal was untimely, because it should have known

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-04644-SVW-AFM | Date | 8/13/2020 |
| Title | *Anifa Danelian v. FCA US LLC* | | |

the amount-in-controversy exceeded $75,000 on March 19, 2020. *Id.* Plaintiff provides in support of this argument a copy of the RISC, which states that the total sales price for the Vehicle is $28,447.52. Dkt. 12, Ex. A. Plaintiff also provides a copy of an email dated March 19, 2020 to FCA's counsel, stating that he is attaching the RISC, sales documents, and repair order in his email to FCA's counsel. Dkt. 12, Ex. C.

In response to this argument, FCA argues only that on April 24, 2020 it received a "legible" copy of the RISC from the dealership where Plaintiff purchased the Vehicle, which it claims permitted it to first determine that the AIC in this lawsuit exceeded $75,000 based on the purchase price of the vehicle. Dkt. 14 at 5. FCA has not submitted the allegedly illegible copy it received from Plaintiff's counsel to the Court. FCA also argues that Plaintiff's state court complaint only disclosed the "vehicle year, make, model, and date Plaintiff purchased the vehicle on," rendering it impossible for FCA to determine the AIC from the face of the Complaint. Dkt. 14 at 5-6. FCA does not dispute Plaintiff's evidence or Plaintiff's counsel's declaration that he provided a copy of the RISC that included the sales price of the Vehicle to FCA on March 19, 2020.

The Court finds that both of FCA's arguments are implausible given the facts before the Court. First, it notes that the copy of the RISC provided by Plaintiff as an exhibit to the motion to remand is legible and clearly shows the final sales price of the vehicle. *See* Dkt. 12, Ex. A at 1. While Plaintiff's counsel does not expressly assert that the copy of the RISC attached to his motion to remand is identical to the one provided on March 19, 2020, the Court does not find that in this context FCA's subjective assessment of the legibility of the RISC (absent any supporting evidence) does not justify a finding that FCA's removal was timely. Plaintiff provided a copy of the RISC, FCA apparently failed to raise any concerns with Plaintiff in response, and then removed the case more than two months later, instead of simply requesting a more "legible" copy or seeking relevant information from Plaintiff. The Court finds, given Plaintiff's undisputed evidence that she provided a copy of the RISC to FCA on March 19, 2020, that FCA had notice that this case was removable on that date because the sale price of $28,447.52 coupled with the two times civil penalty FCA relied on in its Notice of Removal clearly establishes that the AIC necessary for federal jurisdiction existed in this lawsuit.

The Court also finds FCA's argument that it had no way of knowing the AIC in this lawsuit prior to receiving the RISC from the dealership to be largely implausible. *See* Dkt. 14 at 6. FCA manufactured

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04644-SVW-AFM | Date | 8/13/2020 |
|---|---|---|---|
| Title | *Anifa Danelian v. FCA US LLC* | | |

the Vehicle in question, and the lawsuit stated (as FCA acknowledges) the vehicle year, make, model, and date of purchase. Dkt. 14 at 6. FCA's Notice of Removal also asserts that the attorney's fees in this action "can be reasonably considered to be at least $35,000." Dkt. 1 at 4. This means that in light of Plaintiff's request for a civil penalty of two times her actual damages (also stated on the face of the Complaint), the purchase price of the Vehicle would have to be below approximately $13,400 to fail to meet the requisite AIC of $75,000 given FCA's AIC calculations as analyzed in the Notice of Removal. The Court strongly suspects that FCA, as the manufacturer of the disputed Vehicle (which Plaintiff actually purchased for more than $28,000) was aware that the purchase price was substantially higher than the minimum necessary to establish the $75,000 AIC necessary for diversity jurisdiction in this context, regardless of the asserted illegibility of the copy of the RISC provided by Plaintiff's counsel.

### V.     Conclusion

The Court GRANTS Plaintiff's motion to remand this case to state court. The Court DENIES Plaintiff's request for costs and attorney's fees associated with this motion, finding that while FCA's motion to remand was improper, Plaintiff has not indisputably established that the documents provided to FCA's counsel were clearly legible, and no binding precedent dictates the result the Court reached given the Court's specific analysis above. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (fee award pursuant to 28 U.S.C. § 1447(c) reserved for circumstances where removal was objectively unreasonable).

Initials of Preparer    :

PMC